*Northern District*

No. 7833

## SAUNDRA SINGER
## ALLAN SINGER

### v.

## NEW ENGLAND CONTAINER CO., INC., ZEALOUS BROWN

Argued: Sept. 7, 1972 - Decided: Jan. 23, 1973

*Present:* Cowdrey, P.J., Mason, J.

Case tried to *Flynn, J.* in the First District Court of Eastern Middlesex (Malden). Date of finding or decision appealed from: January 17, 1972. Docket number: 4461/71.

**Cowdrey, J.** This is an action of tort for personal injuries allegedly suffered in a motor vehicle accident on January 12, 1971.

The case is before this Division on a report by the trial justice upon an agreed statement of facts and after a finding for the defendant as a matter of law.

We think the trial justice was correct in his finding.

The only issue presented for our determination is whether or not, under the provisions of St. 1970, c. 670 (now G.L. c. 231, § 6D), a Massachusetts resident operating a properly registered and insured motor vehicle on a public way of the Commonwealth, may maintain a personal injury tort action against a nonresident defendant for pain and suffering allegedly resulting from a motor vehicle accident.

The plaintiff was insured under a valid Massachusetts motor vehicle liability insurance policy which policy provided compulsory cov-

erage as required by St. 1970, c. 670 (now G.L. c. 90, §§ 34A-34N).

The defendant was a foreign corporation whose motor vehicle at the time of the accident was properly registered but not insured under the provisions of said St. 1970, c. 670. (G.L. c. 90, §§ 34A-34N).

The plaintiff allegedly sustained the following injuries and damage: acute cervical strain, and aggravation right shoulder. The medical bill and lost earning capacity is claimed to total $225.48 with about two weeks total disability and about two months partial disability.

We quote from § 34M of said Chapter 670 (now G.L. c. 90, § 34M) that portion thereof deemed by us to be material: "Every owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort, and any person or organization legally responsible for his acts or omissions, is hereby made exempt from tort liability for damages because of bodily injury sickness, disease or death arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is, or would be had he or someone for him not purchased a deductible authorized by this section entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits or from the

insurer assigned. No such exemption from tort liability shall apply in the case of an accident occurring outside the commonwealth.''

The defendant, not being insured under Act, and therefore not entitled to personal injury protection benefits as provided in Section 2 of said Act, does not qualify for an exemption from tort liability and is therefore subject to liability to the plaintiff for damage related to the personal injuries, except however, for damages for pain and suffering, recovery for which is restricted by § 6D of said Chapter.

G.L. c. 231, § 6D is, as follows:

''In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness, or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital professional nursing and funeral expenses, are determined to be in excess of five hundred dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement,

or (4) results in such loss of sight or hearing as is described in paragraphs (a), (b), (c), (d), (e), (f), and (g) of section thirty-six of chapter one hundred ond fifty-two or (5) consists of a fracture.''

It will be noted that § 6D does not permit recovery for pain and suffering in *any* action brought as a result of bodily injury unless medical and other expenses enumerated therein exceed five hundred dollars or with other exceptions not herein material. It does not differentiate between residents and non-residents but simply denies recovery for pain and suffering in any action which does not meet the specifications set forth in § 6D. The section is not dependent on any other provision of said Chapter 670. (G.L. c. 90, §§ 34A-34N).

Since the medical expenses incurred by the plaintiff are less than $500.00, and the plaintiff has not suffered any disabling injury otherwise referred to in said section, the plaintiff may not recover for pain and suffering.

We do not find any cases interpreting the question presented.

**The trial court's ruling and finding are sustained.**

NELSON GEDIMAN
  for Plaintiff
KENNETH T. WEAFER
  for Defendant